UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HILLSIDE LIMITED,

                  Plaintiff,

            - against -

THE REPUBLIC OF ARGENTINA,

                  Defendant.

------------------------------------------------------------------X

07 Civ. 6231 (TPG)

**ANSWER**

        Defendant the Republic of Argentina (the "Republic"), as and for its answer to the Complaint, dated July 5, 2007 (the "Complaint"), respectfully states as follows:

        1.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the Complaint.

        2.     Paragraph 2 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

        3.     Paragraph 3 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        4.     Paragraph 4 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

        5.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 (the "1994 FAA"), and refers to the 1994 FAA for its true and correct contents. The Republic admits that it issued a bond having ISIN US040114AH34. To the extent that Paragraph 5 of the Complaint purports to characterize the

terms and conditions of the bond as set forth in referenced documents, those documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 5 of the Complaint for their true and correct contents.

6. Paragraph 6 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 6 of the Complaint for their true and correct contents.

7. Paragraph 7 of the Complaint purports to characterize the contents of written documents, which documents speak for themselves. The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 7 of the Complaint for their true and correct contents.

8. Paragraph 8 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 8 of the Complaint for its true and correct contents.

9. The Republic denies the allegations contained in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint purports to characterize the contents of a written document, which document speaks for itself. The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 10 of the Complaint for its true and correct contents.

11. The Republic admits that since December 2001 it has not paid interest or

principal on nonperforming debt. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Complaint.

12. The Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt. The Republic otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required. The Republic otherwise denies the allegations contained in Paragraph 14 of the Complaint.

**First Affirmative Defense**

15. The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**[1]

16. Plaintiff's claims are barred by the act of state doctrine.

**Third Affirmative Defense**

17. To the extent plaintiff is not acting in good faith in commencing and prosecuting this action, plaintiff is barred from enforcing any rights plaintiff may otherwise have.

---

[1] The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein. See Lightwater Corp. Ltd. v. Republic of Argentina, No. 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003). The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review. In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, No. 03 Civ. 2508 (TPG), 2003 WL 22120745 (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Fourth Affirmative Defense

18. Plaintiff's claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

19. Plaintiff's claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

20. Plaintiff's claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

21. Plaintiff lacks standing and/or capacity to sue, because it is not a holder of bonds within the meaning of the Fiscal Agency Agreement dated December 10, 1993.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiff's claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees; and

      (c)    granting the Republic such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       September 4, 2007

                                      CLEARY GOTTLIEB STEEN & HAMILTON LLP

                                      By: _____
                                          Jonathan I. Blackman (JB 3846)
                                          Carmine D. Boccuzzi (CB 2177)

                                      One Liberty Plaza
                                      New York, New York 10006
                                      (212) 225-2000

                                      Attorneys for the Republic of Argentina