UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                            :
ANDRES JACINTO ALZUGARAY and MARIA            :  06 CIV 3976 (TPG)
CRISTINA ASTE,

                    Plaintiffs,

          - against -                          **ORDER TO SHOW CAUSE**

THE REPUBLIC OF ARGENTINA,

                    Defendant.

------------------------------------------------------------------- x

LINO LUIS ALFREDO ARRIGONI; EDUARDO          05 CV 2275 (TPG)
ENRIQUE DE LA FUENTE, DIMA ESTHER RAMONA
RUIZ AND VICTORIA SUSANA DE LA FUENTE;
CARLOS ENRIQUE GONZALEZ, LESLIE MABEL
MARAGLIANO, CARLOS HERNAN GONZALEZ AND
GUSTAVO EDUARDO GONZALEZ; MARTIN LANUS;
BETINA DANIELA LINGYS; ENRIQUE PEDRO
NOLTING; MARIO MANUEL RANDAZZO; FABIO
DAVID REY; MARTIN RAUL ROGER; CARLOS
ALBERTO TOGNETTI AND ALICIA ELENA
SPEZZAFUNE; RAUL VIGO ABAD, JOSE VIGO
CORRAL, NIEVES ABAD RAMOS DE VIGO,
FRANCISCO VIGO ABAD AND LILIANA HAYDEE
FURLANI DE VIGO, AND GABRIELA WICKMAN,
ROBERTO LOPEZ AND SILVIA WICKMAN,

                    Plaintiffs,

          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.

------------------------------------------------------------------- x
                                                            :
JORGE BECHARA, RUTH CAROLA BERETZ, HECTOR  :  05 CV 3825 (TPG)
PEDRO BERGONZI AND ANGELICA EVA
FERNANDEZ, PABLO TOMAS BOERO, SANTIAGO
BOERO, COSME MARIA DE ABOITIZ, ANA MARIA
DE HUERTO VALAZZA, ALDO BERTOLOZZI AND
ADRIANA ERICA BERTOLOZZI, TADAS LINGYS,
PAULA ADRIANA PINOTTI AND KAI OLAF VON
SZCZYPINSKI, JOSE LUIS POU LORENZO AND

APR 2 1 2008

9:32 am

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/22/08

SILVANA FERRER RAMOS, JUAN IGNACIO
SALCEDO AND JUAN CARLOS SALCEDO, SIRFELL
INVESTMENT SOCIEDAD ANONIMA, PASCUAL
TALLARICO, and JUAN CRUZ URIARTE AND MARIA
LORENE URIARTE,

Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

---------------------------------------------------------------------- x

:     05 CV 2159 (TPG)

ANA LAURA BONVECCHI AND MARIA LUISA
CACHAU, VIRGINIA ENRIQUETA BONVECCHI,
VIRGINIA ENRIQUETA BONVECCHI AND MARIA
LUISA CACHAU, MARIO CASTILLO, ALFREDO
GINES COCO, MARIO JOSE GIRALDI AND ANA
MARIA TEJERINA, VICTOR OCTAVIO GROPPA,
IGNACIO GUIDO GROPPA, VICTOR SERAFIN
GROPPA, MARIA VERONICA PAITOVI DE GROPPA,
MARIA DANIELA GROPPA AND MARIA
GUADALUPE GROPPA, JACINTO OMAR MACRI AND
MARIA CRISTINA GIANELLI AND NATALIA
DANIELA MACRI, OSCAR ANACLETO OCCHIONERO
AND JULIA ESTER NAVARRETE, RILFORD
INTERNATIONAL CORP., AND CLAUDIO AMERICO
SALEJ,

Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

:

---------------------------------------------------------------------- x

:

MICHELE COLELLA and DENISE DUSSAULT,          :     04 CV 2710 (TPG)

Plaintiffs,

- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

2

```
------------------------------------------------------------ x
                                                             x
ANTONIO FORGIONE, NESTOR ALEJANDRO          06 CV 15171  (TPG)
MORENO, JUAN CARLOS VIGANI and ADRIANA
ELSA IPPOLITO,

                    Plaintiffs,
          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.
------------------------------------------------------------ x
                                                             :
GUILLERMO FRANCO, RAFAEL FRANCO and LUISA   :   03 CV 9537 (TPG)
FRANCO, and PANAMEL S.A.

                    Plaintiffs,
          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.
------------------------------------------------------------ x
HILLSIDE LTD.,                              .       07 cv 6231 (TPG)
                                            .

                    Plaintiff,
          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.
------------------------------------------------------------ x
                                                             :
LATINBURG S.A.,                             :   03 CV 8528 (TPG)

                    Plaintiff,
          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.
                                                             :
------------------------------------------------------------ x
                                                             :
HERNAN LOPEZ FONTANA and MARIANA MORI DE    :   03 CV 8531(TPG)
LOPEZ,
```

3

Plaintiff,
- against -

THE REPUBLIC OF ARGENTINA,

Defendant.

       :
----------------------------------------------------------------- x
       :
MACROTECNIC INTERNATIONAL CORPORATION,    :    02 CV 5932 (TPG)

Plaintiff,
-against-

THE REPUBLIC OF ARGENTINA,

Defendant.
----------------------------------------------------------------- x
       :
MILLION AIR CORP.,           04 CV 01048 (TPG)

Plaintiff,
- against -

THE REPUBLIC OF ARGENTINA,

Defendant.
----------------------------------------------------------------- x
       :
JOSE STRUGO,           05 CV 4149 (TPG)

Plaintiff,
- against -

THE REPUBLIC OF ARGENTINA,

Defendant.
----------------------------------------------------------------- x

**UPON READING AND FILING** the accompanying Declaration of Guillermo A.
Gleizer, sworn to April 21, 2008, and the exhibits annexed thereto, and the declarations, exhibits
and Memorandum of Law, dated April 18, 2008, and the Order to Show Cause issued by this
Court on April 18, 2008, in the case styled SILVIA SEIJAS, HEATHER M. MUNTON and

THOMAS L. PICO ESTRADA, v. THE REPUBLIC OF ARGENTINA, Civil Case No. 04 Civ. 400 (TPG) and others, copy of which is annexed hereto, and upon all of the papers, pleadings and oral argument heretofore had herein,

**LET THE DEFENDANTS HEREIN SHOW CAUSE**, before Judge Thomas P. Griesa Room _26B_ at the United States Courthouse located at 500 Pearl Street, New York, on the _30th_ day of April, 2008, at _10:30_ am, or as soon thereafter as counsel may be heard, why an order should not made and entered:

(a) Subject to (b) below, preliminarily restraining and enjoining, pursuant Fed. R. Civ. P. 64 and 65(a), Defendant The Republic of Argentina ("Argentina"), its servants, employees, agents, representatives, and all persons acting in concert with them, from issuing any instruction to Caja de Valores Sociedad Anonima ("CV"), or to any other person, transfer, sell, pledge, loan or otherwise encumber or alienate any Trust Bonds as defined in the Gleizer Declaration held by CV in the Depository Trust and Clearing Corporation ("DTC") in New York;

(b) Requiring Argentina to instruct CV, or any other necessary person, to cause the deposit of the Trust Bonds in to an account to be designated by this Court for plaintiffs' benefit, subject to priorities mandated by law;

(c) Attaching, pursuant to Fed. R. Civ. P. 64 and N.Y. C.P.L.R. §§ 6201, 6210-12, the Trust Bonds held by CV at DTC;

(d) Requiring expedited discovery from Argentina, CV, and any other necessary person, to the extent necessary to implement the transfer of the Trust Bonds for plaintiffs' benefit; and

(e) for such other and further relief as this Court may deem just, proper and necessary under the circumstances.

**SUFFICIENT CAUSE BEING ALLEGED THEREFORE, IT IS HEREBY:**

**ORDERED** that pending the hearing and determination of this application, Argentina, its servants, employees, agents, representatives, and all persons acting in concert with them, are restrained and enjoined, pursuant to Fed. R. Civ. P. 65(b), from issuing any instruction to CV, or to any other person, transfer, sell, pledge, loan or otherwise encumber or alienate the Trust Bonds held by CV at DTCC;

**IT IS FURTHER ORDERED** that personal service of this Order to Show Cause, and the papers upon which it is based, upon counsel for Argentina, Cleary, Gottlieb, Steen & Hamilton, One Liberty Plaza, New York, 10006, attention Jonathan Blackman, Esq., on or before the 23rd day of April, 2008 shall be deemed good and sufficient service;

**IT IS FURTHER ORDERED** that opposing papers, if any, are to be served upon counsel for Plaintiffs, Guillermo A. Gleizer, 19 W 34th Street, Suite 914, New York, New York, 10001, so as to be received by 12:00 noon on the 29th day of April 2008;

**AND IT IS FURTHER ORDERED** that reply papers, if any, shall be served upon Defendants' counsel, so as to be received not later than 10:30 AM p.m. on April 30, 2008.

ENTERED:

_____

Hon. Thomas P. Griesa
United States District Court
Southern District of New York

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SILVIA SEIJAS, HEATHER M. MUNTON and
THOMAS L. PICO ESTRADA,                         :    04 Civ. 400 (TPG)

                                                :
                                    Plaintiffs, :

                -against-                        :    **ORDER TO SHOW CAUSE**

THE REPUBLIC OF ARGENTINA,                       :

                                                :
                                    Defendant.   :

                                                :
------------------------------------------------------------------x
SILVIA SEIJAS, EMILIO ROMANO, RUBEN             :
WEISZMAN, ANIBAL CAMPO and MARIA COPATI,        :    04 Civ. 401 (TPG)

                                                :
                                    Plaintiffs, :    ┌──────────────────────────┐
                                                     │ USDC SDNY                │
                -against-                        :   │ DOCUMENT                 │
                                                     │ ELECTRONICALLY FILED     │
THE REPUBLIC OF ARGENTINA,                       :   │ DOC #: _____ │
                                                     │ DATE FILED: 4/18/08      │
                                    Defendant.   :   └──────────────────────────┘

------------------------------------------------------------------x
CESAR RAUL CASTRO,                              :    04 Civ. 506 (TPG)

                                                :
                                    Plaintiff,  :

                                                :
                -against-                        :

THE REPUBLIC OF ARGENTINA,                       :

                                                :
                                    Defendant.   :

                                                :
------------------------------------------------------------------x
HICKORY SECURITIES LTD.,                         :    04 Civ. 936 (TPG)

                                                :
                                    Plaintiff,  :

                                                :
                -against-                        :

THE REPUBLIC OF ARGENTINA,                       :

                                                :
                                    Defendant.   :
------------------------------------------------------------------x

```
                                            x
------------------------------------------- x
ELIZABETH ANDREA AZZA, CLAUDIA FLORENCIA     :   04 Civ. 937 (TPG)
VALLS and HICKORY SECURITIES, LTD.,          :
                                             :
                        Plaintiffs,          :
                                             :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
-------------------------------------------x
ELIZABETH ANDREA AZZA, RODOLFO               :
VOGELBAUM and HICKORY SECURITIES, LTD.,      :   04 Civ. 1085 (TPG)
                                             :
                        Plaintiffs,          :
                                             :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
-------------------------------------------x
EDUARDO PURICELLI,                           :
                                             :   04 Civ. 2117 (TPG)
                        Plaintiff,           :
                                             :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
-------------------------------------------x
RUBEN DANIEL CHORNY,                         :   04 Civ. 2118 (TPG)
                                             :
                        Plaintiff,           :
                                             :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
------------------------------------------- x
```

2

**UPON READING AND FILING** of the accompanying Declaration of Guillermo A. Gleizer, sworn to April 18, 2008, and the exhibits annexed thereto, the accompanying Declaration of Pablo Giancaterino, sworn to April 14, 2008, the accompanying Memorandum of Law, dated April 18, 2008, the Complaint in this action, and upon all of the papers, pleadings and oral argument heretofore had herein,

**LET THE DEFENDANTS HEREIN SHOW CAUSE**, before Judge Thomas P. Griesa Room 26B, at the United States Courthouse located at 500 Pearl Street, New York, on the _30th_ day of April, 2008, at _10:30 A.M._, or as soon thereafter as counsel may be heard, why an order should not made and entered:

> (a) Subject to (b) below, preliminarily restraining and enjoining, pursuant Fed. R. Civ. P. 64 and 65(a), Defendant The Republic of Argentina ("Argentina"), its servants, employees, agents, representatives, and any person acting in concert with them (including, without limitation, Caya de Valores Sociedad Anonima ("CV")) from issuing any instruction to CV, or to any other person, to transfer, sell, pledge, loan or otherwise encumber or alienate any Trust Bonds as defined in the accompanying Gleizer Declaration held by CV in the Depository Trust Company ("DTC") in New York;

> (b) Requiring Argentina to instruct CV, or any other necessary person, to cause the deposit of the Trust Bonds in to an account to be designated by this Court for plaintiffs' benefit;

> (c) Preliminarily restraining and enjoining, pursuant Fed. R. Civ. P. 64 and 65(a), Argentina, its servants, employees, agents, representatives, and any person

3

acting in concert with them, from issuing any notices or instructions to the
Fiscal Agent for the Global Bonds;

(d)  Requiring expedited discovery from Argentina, CV, and any other necessary
person, to the extent necessary to implement the transfer of the Trust Bonds for
plaintiffs' benefit; and

(e)  for such other and further relief as this Court may deem just, proper and
necessary under the circumstances.

**SUFFICIENT CAUSE BEING ALLEGED THEREFORE, IT IS HEREBY:**

**ORDERED** that pending the hearing and determination of this application, Argentina, its
servants, employees, agents, representatives, and any person acting in concert with them
(including, without limitation, CV) are restrained and enjoined, pursuant to Fed. R. Civ. P. 65(b),
from issuing any instruction to CV, or to any other person, to transfer, sell, pledge, loan or
otherwise encumber or alienate the Trust Bonds held by CV at DTC;

**IT IS FURTHER ORDERED** that pending the hearing and determination of this
application, Argentina, its servants, employees, agents, representatives, and any person acting in
concert with them, are restrained and enjoined, pursuant to Fed. R. Civ. P. 65(b), from issuing
any notices or instructions to the Fiscal Agent for the Global Bonds;

**IT IS FURTHER ORDERED** that personal service of this Order to Show Cause, and
the papers upon which it is based, upon counsel for Argentina, Cleary, Gottlieb, Steen &
Hamilton, One Liberty Plaza, New York, 10006, attention Jonathan Blackman, Esq., on or before
the 18th day of April, 2008 shall be deemed good and sufficient service;

**IT IS FURTHER ORDERED** that opposing papers, if any, are to be served upon co-
counsel for Plaintiffs, Proskauer Rose LLP, 1585 Broadway, New York, New York, 10036,

4

*29th*

attention Bertrand C. Sellier, Esq., so as to be received by 12:00 noon on the ___ day of April 2008;

**AND IT IS FURTHER ORDERED** that reply papers, if any, shall be served upon

Defendant's counsel, ~~so as to be received not later than~~ *12 noon 2 7* ~~p.m.~~ on April ___, 2008.

*at the time of the hearing.*

ENTERED:

*Thomas P. Griesa*

Hon. Thomas P. Griesa
United States District Court
Southern District of New York

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

SILVIA SEIJAS, HEATHER M. MUNTON and         :
THOMAS L. PICO ESTRADA,                      :        04 Civ. 400 (TPG)
                                             :
                        Plaintiffs,          :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
---------------------------------------------------------------- x

SILVIA SEIJAS, EMILIO ROMANO, RUBEN          :
WEISZMAN, ANIBAL CAMPO and MARIA COPATI,     :        04 Civ. 401 (TPG)
                                             :
                        Plaintiffs,          :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
---------------------------------------------------------------- x

CESAR RAUL CASTRO,                           :        04 Civ. 506 (TPG)
                                             :
                        Plaintiff,           :
                                             :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
                                             :
---------------------------------------------------------------- x

HICKORY SECURITIES LTD.,                     :        04 Civ. 936 (TPG)
                                             :
                        Plaintiff,           :
                                             :
            -against-                        :
                                             :
THE REPUBLIC OF ARGENTINA,                   :
                                             :
                        Defendant.           :
---------------------------------------------------------------- x
                                             x
---------------------------------------------------------------- x

ELIZABETH ANDREA AZZA, CLAUDIA FLORENCIA     :        04 Civ. 937 (TPG)
VALLS and HICKORY SECURITIES, LTD.,          :

| | |
|---|---|
| Plaintiffs, | : |
| | : |
| -against- | : |
| | : |
| THE REPUBLIC OF ARGENTINA, | : |
| | : |
| Defendant. | : |
| | : |

------------------------------------------------------------- x

ELIZABETH ANDREA AZZA, RODOLFO :
VOGELBAUM and HICKORY SECURITIES, LTD., :    04 Civ. 1085 (TPG)

                                            Plaintiffs, :

                            -against- :

THE REPUBLIC OF ARGENTINA, :

                                      Defendant. :

------------------------------------------------------------- x

EDUARDO PURICELLI, :

                                   Plaintiff, :    04 Civ. 2117 (TPG)

                            -against- :

THE REPUBLIC OF ARGENTINA, :

                                      Defendant. :

------------------------------------------------------------- x

RUBEN DANIEL CHORNY, :

                                      :    04 Civ. 2118 (TPG)

                                   Plaintiff, :

                            -against- :

THE REPUBLIC OF ARGENTINA, :

                                      Defendant. :

------------------------------------------------------------- x

           Guillermo Gleize r, pursuant to the penalty of perjury, declares that the

following is true:

6604/12390-001 Current/10973341v1G

1.      I am an attorney admitted to practice before the Courts of the State of New York and a member of the Bar of this Court. I am co-counsel for the plaintiffs in these actions.

2.      The plaintiffs are members of eight certified classes consisting of holders of various series of Global Bonds issued by the Republic of Argentina ("Argentina").[1] The aggregate face value of the Global Bond indebtedness held by the plaintiffs is at least $3.3 billion. In addition, based on over 6 years of interest at the New York statutory rate of 9%, the plaintiffs are owed a minimum of approximately $2 billion of accrued interest.[2]

3.      This affidavit is submitted in support of plaintiffs' motion for pre-judgment relief concerning property located in New York belonging to Argentina. As explained below, that property of Argentina is now being held by Caja de Valores Sociedad Anonima ("CV") in an account with the Depository Trust and Clearing Corporation ("DTC") in New York .

4.      In December of 2001, Argentina defaulted on its obligation to repay billions of dollars worth of Global Bonds , including the Global Bonds held by plaintiffs. As this Court has repeatedly recognized in granting summary judgment to other holders of defaulted Global Bonds in actions pending here, Argentina has no valid defense to claims for payment by holders of defaulted Global Bonds such as plaintiffs. Plaintiffs will therefore be entitled to summary judgment on those claims in these actions in an amount of at least approximately $5.3 billion.

---

[1]      Mr. Gleizer is also co-counsel for a putative class of holders of some $94 million face value of Global Bond indebtedness in Cavero v. The Republic of Argentina, 07 Civ. 11591 (TPG).

[2]      Where a series of the Global Bonds has a higher interest rate than 9%, we believe the higher interest rate should apply, but that issue need not be resolved for purposes of this motion.

3

5.      The Global Bonds were held by residents of Argentina as well as by citizens
of other countries, including plaintiffs. In December of 2001, Argentina
instituted a Procedimiento de Canje (Proceeding of Exchange), or "swap,"
with respect to Global Bonds held by several Argentine banks, mutual funds
and pension funds. The "swap" offer was not made available to plaintiffs, and
was limited by Argentina to specified parties.

6.      Attached hereto as Exhibit A is a copy of the affidavit of Julio Cesar
Giancaterino sworn to on August 2, 2004, and the exhibits annexed thereto
("Giancaterino Aff."). The Giancaterino affidavit describes in detail how
Argentina orchestrated the "swap" in order to deprive non-Argentine holders
of Global Notes, including members of the plaintiff classes in these actions, of
their rights under the Fiscal Agency Agreement dated October 19, 1994,
pursuant to which the Global Notes were issued. The "swap" offer was not
made available to plaintiffs, and was limited by Argentina to specified parties.
(Giancaterino Aff., ¶21)

7.      Pursuant to the Proceeding of Exchange, Argentina obtained control of the
Global Bonds. In exchange for those Global Bonds, Argentina issued a series
of Contrato de Prestamo Garantizados (Contract of Guaranteed Loan) to
various Argentine entities. These guaranteed loans issued pursuant to the
Proceeding of Exchange, or "swap," are referred as PGNs.

8.      Argentina made an irrevocable assignment of a dedicated stream of tax
revenues to the PGN holders as security for repayment of principal and
interest on those loans. (Giancaterino Aff., ¶11)

4

9.      Pursuant to a Contrato de Fideicomiso (Contract of Trust), CV was designated
as the fiduciary with respect to the Proceeding of Exchange. As such, CV held
the Global Bonds which had been exchanged for the PGN Loans in a trust (the
"Trust Bonds"). (Giancaterino Aff., ¶10)

10.     Upon information and belief, the Trust Bonds held by CV as a fiduciary agent
for the holders of the PGN loans pursuant to the Contrato de Fideicomiso are
held in an account with DTC in New York.

11.     After the issuance of the PGN Loans, Argentina issued two Executive Decrees
concerning the Trust Bonds, Executive Decree 644/02 of April 18, 2002, and
Executive Decree 530/03 of August 5, 2003. A copy of Executive Decree
530/03 is annexed as Exhibit M to the Giancaterino Aff., and a copy of
Executive Decree 644/02 is annexed hereto as Exhibit 2.

12.     As a result of these Executive Decrees, the holders of the PGN Loans were
stripped of their interest in the Trust Bonds as a matter of Argentine law.
Thus, pursuant to those Executive Decrees, the Trust Bonds became the
property of Argentina, free and clear of any interest previously held by the
holders of the PGN Loans.

13.     In addition, since the PGN loans were issued in December of 2001, several
series of the PGN loans have now been repaid in full by Argentina. Upon
information and belief, the aggregate face value of the PGN loans which have
been repaid in full to date is approximately $49 million. Therefore, and
independent of the effect of Executive Decrees 644/02 and 530/03, the Trust
Bonds which had been held by CV in trust with respect to these fully repaid
PGN loans are now indisputably the unencumbered property of Argentina, and

5

are held by CV for Argentina free and clear of any obligation to the holders of the repaid PGN loans.

14.    The precise amount of the Trust Bonds which are the property of Argentina in the CV account at DTC in New York can be readily established by discovery. Upon information and belief, the face value of those bonds is approximately $18 billion.

15.    Based on the current market for Global Bonds, where those bonds can be sold for approximately 35% of their face value, the current fair market of Argentina's property in the CV account at DTC in New York is approximately $6 billion.

Dated:    Buenos Aires, Argentina
          April 14, 2008

_____
Guillermo A. Gleizer (GG-9237)

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
SILVIA SEIJAS, HEATHER M. MONTON,       :
and THOMAS L. RICO ESTRADA,             :
                                        :   04 CV 00400 (TPG)
                    Plaintiffs,         :
                                        :
        -against-                       :
                                        :
THE REPUBLIC OF ARGENTINA,              :
                                        :
                    Defendant.          :
-------------------------------------------------X

        Julio Cesar Giacoaterino being duly sworn,
deposes and says:

        1.    I am an investigator retained by Plaintiffs
in this matter.   In conjunction with my investigation, I
have learned of the following facts.

        2.    Prior to December, 2001, specifically in
August, 2001, Defendant was looking for means and method to
refinance or reduce its debt, especially the debt related
to a series of bonds known as Global Bonds, one of which is
the subject of this litigation.

        3.    As part of those attempts, Defendant
formulated a scheme which, in coordination with entities
controlled, regulated or owned by Defendant, it set up a
method to reduce or eliminate the Global Bonds at a reduced
rate.

4.    Pursuant to the Fiscal Agency Agreement,
dated October 19, 1994 (the "Fiscal Agency Agreement"),
(Exhibit A) paragraph 16(b), in order to change the
material terms of the Global Bonds, including the
jurisdiction, interest rate or payment conditions, a
meeting with a 55 per cent quorum and a 2/3 majority vote
of that meeting was required.

5.    Pursuant to paragraph 9(a) of the Fiscal
Agency Agreement, should Defendant obtain any Global Bonds
directly, it would be barred from voting them or being
counted toward the quorum of such meeting.

6.    Additionally, pursuant to paragraph 1(c) of
the Fiscal Agency Agreement, no holder may obtain a
preference on the Global Bonds.

7.    Accordingly, Defendant put together a plan
and scheme whereby it would be able to indirectly control a
vote it otherwise could not participate in at any such
meeting.

8.    In November and December of 2001, Defendant
orchestrated precisely such a scheme.  In that period, the
Ministry of Economy offered a deal to banks controlled,
regulated and/or owned by Defendant, the Banco de la Nacion
Argentina, BBVA Banco Frances and Banco Galicia y Buenos
Aires and several mutual funds and pension funds, including

2

Consolidar AFJP and Nacion (the "Banks"). It has been reported that collectively the Banks control a sufficient number of Global Bonds to give Defendant a large enough number of votes to control the outcome of any vote for most Global Bond series. Exhibit B hereto sets forth examples I have calculated from information made public by the Ministry of Economy which demonstrates such control.

9.   The Banks were told that, if they did not go along with the scheme and accepted a "voluntary" swap, they would be in the same position as plaintiffs and the Class, holding defaulted bonds with little chance for recovery. By virtue of the scheme, however, they would receive a full return on the defaulted bonds denied others.

10.   The so-called "swap" consisted in the exchange of Global Bonds for so called Guaranteed Loans. The swap should take place through a trust created by them. The Global Bonds were transferred to a trust, the Trustee being "Caja de Valores". By swapping the bonds, the Banks, were to lose all their rights (Exhibit C, paragraph 2.1.3.) to the Global Bonds except the voting rights.

11.   As to the Guaranteed Loans, they were created by the Ministry of Economy and approved by Executive Decrees 1387/01 and 1646/01, annexed as Exhibits D (article 17) and E (article 1) hereto. These Guaranteed

3

Loans, paying on variable interest rate beginning at 5.7%, pursuant to their terms, are funded by an irrevocably dedicated tax revenue stream (Exhibit F, paragraph FIVE) and are being paid to this day, notwithstanding all other defaults. Indeed, the Argentine 2004 budget specifically provides for payment of the Guaranteed Loans. (Exhibit G, 59th and 60th paragraph).

12. Under the terms of the scheme, the Trustee, Caja de Valores, must vote the Global Bonds as instructed by the Banks (Exhibit C, paragraph 3.7). The Banks, however, are owned, controlled or regulated by Defendant and will likely vote as Defendant wishes.

13. As demonstrated by public information, Banco de la Nacion Argentine is wholly owned by the Defendant (Exhibit H). Banco de la Nacion Argentine owns 99.99 percent of the shares of Nacion AFJP (Exhibit I). BBVA Banco Frances own 13.8 percent of the shares of Consolidar AFJP (Exhibit J). Because of the control and/or regulatory authority Defendant had over the Banks, they can be pressured to vote in favor of Defendant.

14. As a further incentive for the Banks to enter into the scheme, pursuant to the terms in effect, confess judgment if the Banks went unpaid. (Exhibit F SEVENTEEN)

4

15. Despite the fact that, pursuant to Law 24,441/94, the Trustee must have responsibility for its fiduciary obligations (Exhibit K), the Trustee, by the terms of the Trust, is specifically immunized from the result of any vote placed by it. (Exhibit C, paragraphs 3.7 and 4). By the terms of the trust, the Bonds will be held by the trust so long as the Guaranteed Loans are paid.

16. By the terms of the Guaranteed Loans, the Banks would receive in interest and principal the exact amount they would have received under the terms of the Global Bonds had they been paid in full. (Exhibit D, Article 29).

17. As if that were not enough, Defendant then sought to insure that the Global Bonds in the Trust would not be available for payment. Pursuant to Executive Decree 471/2002 (Exhibit L, Article 1), the Guaranteed Loans, previously paid in dollars, became payable in Argentine pesos.

18. Next, pursuant to Executive Decree 530/2003 (Exhibit M, Article 1), if the Banks wished to continue receiving Guaranteed Loans fees they were forced to agree that they would forego their rights to anything owed under Global Bonds, otherwise, they would lose all rights under the Guaranteed Loans and receive back the defaulted Global

5

Bonds. The voting rights, however, were specifically maintained (Exhibit C, paragraph 2.1.2. and Exhibit N). Accordingly, the Banks no longer had any financial interest in the Global Bonds, and only interest in the Guaranteed Loans.

19. Paying the fees and/or interests due under the terms of the Guaranteed Loans in place of the Global Bonds ones, violates as a fact the pari passu clause creating a privileged position for the Banks.

20. The Trustee similarly holds the Guaranteed Loans, and issues "certificates of trust participation" to the Banks as the payment vehicle. (Exhibit C, paragraph B)

21. The Guaranteed Loans, in fact, were structured so that there will be no public markets for them anywhere in the world and the offer itself was to be strictly limited to those that Defendant wished to make the offer. However, the Guaranteed Loans could not be sold in the United States. (Exhibit G, Annex II).

22. The Banks were given a financial incentive to exchange the voting control of the Global Bonds by virtue of the Guaranteed Loans which compensated them fully to the Global Bonds, consideration that they otherwise would not have received.

23. In order to further insure that Defendant has the necessary votes, and that BBVA Banco Frances and Consolidar AFJP went along with the scheme, BBVA Banco Frances was given a financial interest in the offering (Exhibit F). Additionally, BBVA Banco Frances is under investigation by Argentine Police for manipulation (Exhibit G).

24. By virtue of this scheme, Defendant will be able to, and now intends to, manipulate and control any vote on the Global Bonds which are not exchanged pursuant to the terms of the Offering, and make them virtually worthless. Defendant, as a result of the scheme, will be able to control more than two thirds of the voting bonds.

25. Moreover, the exchange for the Guaranteed Loans was designed so that Defendant could choose who would get its benefits (Exhibit D, Article 18).

26. While the jurisdiction for Global Bonds was New York, for Guaranteed Loans, it is Buenos Aires. Exhibit H, paragraph "SEVENTEEN").

27. With the scheme firmly in place, just prior to default, Defendant moved all its reserves in New York to the International Payments Bank in Basle, Switzerland and a secret account in the Federal Reserve Bank to insure that any holders seeking judgment on the Global Bonds would be

7

unable to locate assets to satisfy the judgment. (Exhibit 8 Paragraph).

28. I respectfully request that the motion for an injunction be granted.

Julio Cesar
Giancaterino

Sworn to before me this
22nd day of ~~July~~, 2004
August

NOTARY PUBLIC

LIDIA RICHARDSON
Consular Associate

a/in~junction.aff

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing

ORDER TO SHOW CAUSE AND SUPPORTING PAPERS

to be served on this  April 23, 2008, by hand and by electronic mail, upon the following:

Cleary Gottlieb Steen & Hamilton, Attn.: Jonathan L. Blackman, Esq., Carmine Boccuzzi, Esq.,
One Liberty Plaza, New York, NY 10006-1470


Dated: New York, New York
      April 23, 2008


Guillermo A. Gleizer (GG - 9237)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          03 CV 8531 (TPG)

---

ANDRES JACINTO ALZUGARAY and MARIA            :
CRISTINA ASTE,                                :    06 CIV 3976 (TPG)

                    Plaintiffs,

          - against -
                                              **ORDER TO SHOW CAUSE**

THE REPUBLIC OF ARGENTINA,

                    Defendant.
------------------------------------------------------------------------- x

LINO LUIS ALFREDO ARRIGONI; EDUARDO          05 CV 2275 (TPG)
ENRIQUE DE LA FUENTE, DIMA ESTHER RAMONA
RUIZ AND VICTORIA SUSANA DE LA FUENTE;
CARLOS ENRIQUE GONZALEZ, LESLIE MABEL
MARAGLIANO, CARLOS HERNAN GONZALEZ AND
GUSTAVO EDUARDO GONZALEZ; MARTIN LANUS;
BETINA DANIELA LINGYS; ENRIQUE PEDRO
NOLTING; MARIO MANUEL RANDAZZO; FABIO
DAVID REY; MARTIN RAUL ROGER; CARLOS
ALBERTO TOGNETTI AND ALICIA ELENA
SPEZZAFUNE; RAUL VIGO ABAD, JOSE VIGO
CORRAL, NIEVES ABAD RAMOS DE VIGO,
FRANCISCO VIGO ABAD AND LILIANA HAYDEE
FURLANI DE VIGO, AND GABRIELA WICKMAN,
ROBERTO LOPEZ AND SILVIA WICKMAN,

                    Plaintiffs,

          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.
------------------------------------------------------------------------- x
                                              :
JORGE BECHARA, RUTH CAROLA BERETZ, HECTOR  :  05 CV 3825 (TPG)
PEDRO BERGONZI AND ANGELICA EVA
FERNANDEZ, PABLO TOMAS BOERO, SANTIAGO
BOERO, COSME MARIA DE ABOITIZ, ANA MARIA
DE HUERTO VALAZZA, ALDO BERTOLOZZI AND
ADRIANA ERICA BERTOLOZZI, TADAS LINGYS,

PAULA ADRIANA PINOTTI AND KAI OLAF VON
SZCZYPINSKI, JOSE LUIS POU LORENZO AND
SILVANA FERRER RAMOS, JUAN IGNACIO
SALCEDO AND JUAN CARLOS SALCEDO, SIRFELL
INVESTMENT SOCIEDAD ANONIMA, PASCUAL
TALLARICO, and JUAN CRUZ URIARTE AND MARIA
LORENE URIARTE,

                         Plaintiffs,

          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.

------------------------------------------------------------------------ x
                                                    :    05 CV 2159 (TPG)
ANA LAURA BONVECCHI AND MARIA LUISA
CACHAU, VIRGINIA ENRIQUETA BONVECCHI,
VIRGINIA ENRIQUETA BONVECCHI AND MARIA
LUISA CACHAU, MARIO CASTILLO, ALFREDO
GINES COCO, MARIO JOSE GIRALDI AND ANA
MARIA TEJERINA, VICTOR OCTAVIO GROPPA,
IGNACIO GUIDO GROPPA, VICTOR SERAFIN
GROPPA, MARIA VERONICA PAITOVI DE GROPPA,
MARIA DANIELA GROPPA AND MARIA
GUADALUPE GROPPA, JACINTO OMAR MACRI AND
MARIA CRISTINA GIANELLI AND NATALIA
DANIELA MACRI, OSCAR ANACLETO OCCHIONERO
AND JULIA ESTER NAVARRETE, RILFORD
INTERNATIONAL CORP., AND CLAUDIO AMERICO
SALEJ,

                         Plaintiffs,

          - against -

THE REPUBLIC OF ARGENTINA,

                    Defendant.
                                                    :
------------------------------------------------------------------------ x
                                                    :
MICHELE COLELLA and DENISE DUSSAULT,                :    04 CV 2710 (TPG)

                         Plaintiffs,

          - against -

THE REPUBLIC OF ARGENTINA,

                              Defendant.

------------------------------------------------------------------- x
                                                                    x
ANTONIO FORGIONE, NESTOR ALEJANDRO            06 CV 15171  (TPG)
MORENO, JUAN CARLOS VIGANI and ADRIANA
ELSA IPPOLITO,

                              Plaintiffs,
            - against -

THE REPUBLIC OF ARGENTINA,

                              Defendant.

------------------------------------------------------------------- x
-                                                      :
                                                       :   03 CV 9537 (TPG)
GUILLERMO FRANCO, RAFAEL FRANCO and LUISA
FRANCO, and PANAMEL S.A.

                              Plaintiffs,
            - against -

THE REPUBLIC OF ARGENTINA,

                              Defendant.

------------------------------------------------------------------- x
HILLSIDE LTD.,                                07 cv 6231 (TPG)

                              Plaintiff,
            - against -

THE REPUBLIC OF ARGENTINA,

                              Defendant.

------------------------------------------------------------------- x
                                                       :
                                                       :   03 CV 8528 (TPG)
LATINBURG S.A.,

                              Plaintiff,
            - against -

THE REPUBLIC OF ARGENTINA,

                                        Defendant.
                                                        :
------------------------------------------------------------------- x
                                                        :
HERNAN LOPEZ FONTANA and MARIANA MORI DE     :    03 CV 8531(TPG)
LOPEZ,

                              Plaintiff,
              - against -

THE REPUBLIC OF ARGENTINA,

                                        Defendant.
                                                        :
------------------------------------------------------------------- x
                                                        :
MACROTECNIC INTERNATIONAL CORPORATION,     :     02 CV 5932 (TPG)

                                   Plaintiff,
                -against-

THE REPUBLIC OF ARGENTINA,

                                        Defendant.
------------------------------------------------------------------- x
                                                        :
MILLION AIR CORP.,                                          04 CV 01048 (TPG)

                                   Plaintiff,
              - against -

THE REPUBLIC OF ARGENTINA,

                                        Defendant.
------------------------------------------------------------------- x
                                                        :
JOSE STRUGO,                                                05 CV 4149 (TPG)

                                   Plaintiff,
              - against -

THE REPUBLIC OF ARGENTINA,

                                        Defendant.

------------------------------------------------------------------------- x

---

## ORDER TO SHOW CAUSE

---

## GUILLERMO A. GLEIZER

Attorney for Plaintiff(s)

**19 W 34th Street,  Suite 914**
**New York, NY 10001**
**(646) 233-4097**

| | To: |
|---|---|
| ------------------------------<br>*Guillermo A. Gleizer* | Service of the within<br><br>                is hereby admitted.<br>Date:<br>                ------------------------------ |